ORIGINAL

# In the United States Court of Federal Claims

No. 15-880 C
Filed: April 20, 2016
NOT TO BE PUBLISHED

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FILED**

APR 2 0 2016

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| PETER and VERNON KALOS, | * |
| Plaintiffs, *pro se*, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND FINAL ORDER ON RECONSIDERATION

On March 30, 2016, Plaintiff Vernon Kalos filed a Motion For Reconsideration of an unreported March 17, 2016 Memorandum Opinion And Final Order Concerning The Government's Motion To Dismiss, pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 13. On April 5, 2016, Plaintiff Peter Kalos also filed a separate Motion For Reconsideration of the same decision. ECF No. 14.

To prevail on a motion for reconsideration under RCFC 59, the movant must identify a manifest error of law, or mistake of fact. *See Shapiro v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 353, 361 (2012), *aff'd*, 503 F. App'x 952 (Fed. Cir. 2013). Specifically, the movant must show: (1) an intervening change in controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of granting the motion to prevent manifest injustice. *Id.* The court has considerable discretion in ruling on a motion for reconsideration. *See Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). But, granting such relief requires "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) *cert. denied,* 546 U.S. 826 (2005) (citation omitted).

In their collective Motions, Plaintiffs do not argue that there has been an intervening change in the law nor do they argue that there is new evidence that was unavailable when the court issued the March 17, 2016 Unreported Memorandum and Final Order. Nor do they demonstrate that denying the Motions For Reconsideration would result in manifest injustice.

In the March 17, 2016 Memorandum Opinion And Final Order, the court granted the Government's Motion To Dismiss, because it determined that Plaintiffs' August 14, 2015

Complaint was barred by the statute of limitations under 28 U.S.C. § 2501. ECF No. 11, at 5. In the Motions For Reconsideration, however, Plaintiffs do not argue that August 14, 2015 Complaint was timely nor that denying their Motions would manifest injustice. Instead, both reargue the merits of the underlying case.

For these reasons, Plaintiff Vernon Kalos' March 30, 2016 Motion For Reconsideration and Plaintiff Peter Kalos' April 5, 2016 Motion For Reconsideration are **DENIED**.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**